**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Raymond Jerome FRANCIS, Defendant—Appellant.**

No. 05–7120.

United States Court of Appeals, Fourth Circuit.

Submitted: Oct. 20, 2005.

Decided: Oct. 31, 2005.

Raymond Jerome Francis, Appellant Pro Se. Thomas Richard Ascik, Office of the United States Attorney, Asheville, North Carolina, for Appellee.

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raymond Jerome Francis, a federal prisoner, seeks to appeal the district court's orders (1) denying relief on his petition for an exception to the mandate rule; (2) denying his motion for reconsideration on the ground that the petition was a successive motion under 28 U.S.C. § 2255 (2000), over which the court lacked jurisdiction; and (3) denying his second motion for reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court also are debatable or wrong. See Miller–El v. Cockrell, 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir.2001). We have independently reviewed the record and conclude that Francis has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Francis' notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th

Cir.), *cert. denied,* 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Francis' claims do not satisfy either of these conditions. Therefore, we decline to authorize Francis to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*